Good morning, Your Honors, and may it please the Court, I am Katherine Clark on behalf of Paula Ramsum here today. We ask that this Court reverse the District Court and reinstate Ms. Ramsum's case for further proceedings in the District Court. Relative to our standard review request of this Court, where we ask the Court to do something unique under Rule 60b-1, where we assert that the trial court committed an error of law, we ask the Court, in this very narrow area, to amend the standard of review to include or at least change it from an abuse of discretion that applies to the entire portion of Rule 60 to that of a de novo review when an error of law is asserted by an appellant such as Ms. Ramsum. The reason we ask this is to make it consistent when the Court faces other questions or accusations of error of law. Beyond that statement, I'll stand on my briefing on that question. Any questions from colleagues? No. If not, thank you, Counsel. You certainly have reserved rebuttal time if you wish to use it. Yes, oh, I'm sorry. I misunderstood the instruction. I believe that was the way I understood the instruction. It was my responsibility to pay attention. But five minutes for rebuttal, please. Thank you. You control your time. Thank you. We'll hear from Chase Bank. You wanted to argue on the merits of the underlying claim, I understand. Yes, I did. Thank you, Your Honor. My apology. I thought you were finished. No, just standing on our briefing on the standard of review question. Oh, on that issue. Oh, I apologize. My apologies. Go ahead. Proceed. The next question in this case is unique in that J.P. Morgan asks this Court to do something that Washington law has never done, and that is to invalidate a child support lien under RCW Title 26, Chapter 18. The statutes involved here under 2618, there are no Washington cases interpreting the statute. So we are in a new area. If we look at the purpose of RCW 2618, its purpose is to supplement and complement other remedies available to those persons claiming a child support lien. In this case, Ms. Ramson has an order and judgment from a California court, a copy of which she recorded in the Whatcom County Superior Court in April 2006, I believe it is, about a year later. You say she recorded it in the Washington court. What exactly did she do? She took her abstract of judgment from California and recorded it in the Whatcom County Auditor's Office. How did she record it? She presented it to the auditor. She was informed and instructed how to fill out a cover sheet. She did so and wrote the check, and it was recorded. But the problem is that there are specific requirements to disclose the name of the affected parties, and that was never done. I agree, Your Honor, that RCW 6504045 did not include a legal description. The purpose of that statute, when it was adopted back in the late 90s, was really for scanning purposes and computer purposes. What about notice to affected parties? The document itself, the cover sheet does not provide the notice. It is the substance of the document that does. But the notice to whom? I mean, you're talking about a real property lien without any description of what the real property is. Correct, and the statute does not require a legal description. If you go back to RCW 2618055, it specifically states that it becomes a lien by operation of law against all property of the debtor with the priority of a secured creditor. And this is where this case gets a little challenging for folks. But doesn't it require some abbreviated legal description? Both 464030 and 6504, the specific lien statute, require some description, do they not? And we would assert, Your Honor, that 2618055 does not require that. As the general judgment statute, 456, for example, says that once the judgment is entered, it hits all property real and personal. The statute requirement that includes a legal description is what would necessarily apply to a quiet title action if you're quieting title, for example, under a claim of adverse possession. But if I have a general statute or a general lien that hits all property requiring a claimant to pick a particular property and describe that one particular property is by necessity eliminating other property, and that the statute does not require. But if I were a third party here and I see this document, which I have in front of me, it's page 18 of 45, I guess, from the record. And it shows the grantor and the grantee, but then there is no legal description. If I'm a third party and I want to know whether a particular piece of property is burdened, how would I find out that this is properly filed? Washington State's official record, which is searched by the title companies, is the grantor-grantee index. In Washington State, when title is researched, it's not researched by legal description in official capacity, but by people's names. And because Mr. Ramson's name is on that property and it attached to he owned property in Whatcom County, it therefore attached by virtue of his name, not the legal description. What do you do with the last part of 2618.055, which says that liens filed by other states or jurisdictions that comply with the procedure rules for filing liens under 6504 are afforded full faith and credit? And then it refers you back, of course, to the lien statute 65.04. What I would suggest there, Your Honor, is that that applies to states and jurisdictions who actually want to have, like a support enforcement entity such as Department of Social and Health Services. When we have an individual claimant such as Ms. Ramson, she's subject to sentences 1, 2, and 3 of 2618.055, particularly the first one. Child support debts, debts, not judgments, not orders, debts, become liens by operation of law against all property. The next sentence says, the lien shall be separate and apart from and in addition to any other lien created by or provided for in this title. In Washington, so if I'm sitting in California and I have a child support judgment against me. Yes. And I don't do anything, what does the statute do? Our interpretation of the statute means that that judgment follows me wherever I go. But you can't, and without doing anything. In other words, if I take your interpretation, it just says it becomes a lien on the property of the debtor. So I could sit in California with a judgment against me, even though I had property up here, and do nothing. I wouldn't even have to file this little cover sheet, right? Under this statute, that is correct, Your Honor. So I'd have to do nothing. Basically, there's kind of almost nationwide jurisdiction. It's a lien probably in every state. Well, I don't know the laws of the other states, Your Honor. But in Washington State, given the broad policy under 2618.010 and 055, it would seem to be that it is a correct reading of that statute. I don't see how that would, how that statute could have possibly meant the hypothetical I gave you. And if I may speculate for a moment on your question, Your Honor, it seems that you're asking, don't you have to take another step? And that would be, for example, under the Uniform Interstate Family Support Act, former 2621 or 2621A. But if you go back to RCW 2618.010, it specifically states that this chapter, 2618, is a supplement to 2621A. And in addition to, that's 2618.020 sub 1. So this statute supplements those other acts. It may be that other states require additional steps, but Washington has a very liberal policy when it comes to child support. And 2618 provides that. So which part of 2621 do you think is not applicable, if you would give me the specific slide? If you would look at 2618.010, Your Honor, cited in my reply brief, and 2618.020 sub 1, they both say that this statute, 2618, is a supplement to and in addition to any other remedy provided by law, which would necessarily include RCW 2621 under its former codification and 2621A under its present codification. So what we have is a parallel statute relative to child support. If this was a standard judgment where it was a contract dispute or something like that, I would absolutely agree that some sort of foreign registration would apply. But because of the policies around child support, we would disagree that those additional steps are required in view of 26. Do you have any case? There are no cases, Your Honor. I looked this morning before I came over, so it is a new ground. Well, let me ask you a hypothetical. If we were to follow your notion that a search is by grant or grantee, and it turns out that Harvey owns three pieces of property within the county, would it be your contention that this lien applies to all three? Absolutely it would, Your Honor, and in the world of foreclosure, I would submit that the law of inverse alienation would apply, meaning the most recently acquired property first would be the first one up for foreclosure, followed by the second most recent, and then the first one. But, yes, absolutely, it would apply to all property under the express language of 2618.055. So if, in my hypothetical, if you're sitting in California with a judgment and you do nothing, and then J.P. Morgan is taking action in Washington State and nothing's been filed here, under your view, the child lien still is a superior, correct? I would say that, Your Honor, correct. And without any notice, without any name? In other words, so if they then search the name, this goes to your notion that it's a name, not a property description, how would they come up with the fact that there was a child support judgment? Right, and then that becomes down to the world of notice under our race notice statute, RCW 6508. But the problem, and I see the problem that you're... You see what the problem is? I do, and I acknowledge it. I'm sitting here with a California judgment, and I don't do anything in Washington, and under your theory, you're bad for the third party. But that is what the statute RCW 2618.055 says. It says any child support debt. It doesn't say from the state of Washington. It just says debt, and debt is such a broad term. It doesn't say judgment, it doesn't say order, it doesn't say obligation owed to a state. It says debt, and because of that broad term, that's what Washington says. There are any further questions? If we were to adopt your position, you think we should ask the Washington Supreme Court if that's how they view... You know, honestly, Your Honor, yes. Remember from the bar review, Washington is a lean theory state. Washington is a lean theory state, and I do a lot of real estate. That was my hope in the trial court was to get the case reinstated and then ask the question be certified to the state Supreme Court, which I believe this court could do, sua sponte. I do believe this is a question for the state Supreme Court, and I did come in after removal of the case to federal court. It was originated in the Whatcom County Superior Court. I agree with you, though. I think it is something that the Washington court could comment on. Thank you, Counsel. You have some reserved time. Thank you. We'll hear from the bank. May it please the court. My name is Hugh McCullough. I represent JPMorgan Chase Bank. The court should affirm the district court here because what Ms. Ramsam recorded was not, is not, and never has been a judgment in Washington. What she recorded was an abstract of judgment, and she recorded it without following the rules set aside for enforcing jubilant judgments under Washington law. She didn't include a sum owing. She didn't include a legal description, and there's no notice in the abstract of judgment that it purported to impose a lien on property in Washington. I think a lot of the discussion really centers on Judge McEwen's line of questioning, which is to say what is the effect, possibly global, of Title 26, RCW 2655? Must it be that we read it so that if someone has a judgment in any other jurisdiction in the United States, it automatically constitutes a lien under Washington law? Well, that violates a basic axiom of interstate judgments, which is to say that a judgment entered in one jurisdiction doesn't have the necessary force and effect until one comes to the jurisdiction and domesticates it or registers it. And that's why we have an elaborate set of statutes that define the process by which one comes to enforce foreign judgments. Well, Mr. McCullough, you're making the argument, I think, now that in your brief starting at page 10, which says that the plaintiff can follow either of the two acts that you say apply to this judgment, the Uniform Interstate Family Support Act or the Uniform Enforcement of Foreign Judgments Act, right? I mean, that's your position. Yes, Your Honor. Now, I didn't see that addressed anywhere in the district court opinion. Did you bring it up in the district court? We did on the motion. And did you get an answer to that? It was addressed in our motion for reconsideration. It was addressed under Rule 60. When they filed the motion for Rule 60, we pointed that out as additional grounds. Moreover, to the extent that – Did the court respond to that argument? I don't recall that the court analyzed that argument in detail, no. But you did make the argument. We did make the argument, albeit when the motion for reconsideration was filed. And it's still your position here that because this is a foreign judgment, I don't know which one, but the plaintiff had to comply with either one of the other of those acts. Yes, Your Honor. Is that right? That's right. And didn't comply with either. Correct. I mean, that's really the underlying position, your underlying position, isn't it? That's one of the bases for affirming, yes, Your Honor. If you look at the child support, RCW 26, or having to do with family law, they define a support or maintenance order as being from the state of Washington or if it's from another jurisdiction. And then it says, which has been registered or otherwise made enforceable in this state. So I guess there's an argument, was this registered? And your position, I guess, is no, because they didn't do it right. But then what about that second phrase that says, or otherwise made enforceable in this state? What does that mean? Well, I think it could encompass, for example, registering the judgment under the Uniform Enforcement of Foreign Judgments Act, a separate statute that deals with the domestication and registration of foreign judgments. And there is a meaningful procedural distinction between registration under one of those two acts and what Ms. Ramson did. Both of those require registration with the superior court clerk, which seems like it's a distinction without a difference, but it's an entirely separate set of records. It's the execution docket maintained by each of the superior courts. It's not the land records. Is there a requirement to describe, give the legal description of the property as well? No, Your Honor, not under either of the Uniform Enforcement of Foreign Judgments Act. It's just grant or grantee? Correct. Although there is a separate provision of Washington law which would require judgments as they pertain to real property to include just such a real property destruction. That's RCW 464030. And Subsection B of that statute says that to the extent that Subsection B is in Bravo, yes, Your Honor. And what that says is that to the extent that you are seeking to enforce a judgment and it applies also to foreign judgments, one needs to include the legal description of the property that one is entering. And none of those things occurred here. We don't have an actual copy of the judgment itself. We have an abstract of judgment.  It doesn't have a legal description. It doesn't even have an amount due, a sum certain. So based simply upon the abstract of judgment, one wouldn't know how much one would need to pay to clear off the lien, whether it was necessary to pay off anything to clear the lien, for example, or whether it attached to any particular piece of property whatsoever. Now, this is not just me sort of saying these are the two statutes you need to look at, although it is true that there are no cases that I have found that pertain directly to the statute relied upon by Ms. Ramsam, there are nevertheless several cases that interpret both the Uniform Enforcement of Foreign Judgments Act and the Uniform Interstate Family Support Act, and we cited those in our papers. For example, Schneider, which is 173 Washington 2nd, 353, talks about how following the Uniform Interstate Family Support Act is the way or a way of ensuring that foreign support judgments are enforceable in Washington law. Now, it's true, none of the cases we cited say, and you can't follow this other statute, you can't do what Ms. Ramsam did, but they do identify a path, and that path is not the path that Ms. Ramsam followed. What's your position on certification to the Washington Supreme Court? If this were a question where it was a matter of conflicting authorities, for example, a series of trial court or Washington Court of Appeals decisions where it was hard to figure out what was going on or there was a conflict, then I'd agree that would be an appropriate thing. But here we're dealing with a straightforward question of statutory interpretation, which I think— You just said there's no controlling case, right? I am not aware of a controlling case, no, that says— That's not a proper circumstance in which to certify? Under these circumstances, I don't think it's necessary, Your Honor. Why, because the answer is clear? Because the answer is clear. That's right. Would you go back to the technical term used in the family law statute, which is register? Is that registration with the superior court as opposed to the land, or what does that mean? It is, Your Honor, and the pertinent provision of the Uniform Interstate Family Support Act is RCW 26-21-490, and it says how a support order or income withholding order may be registered in this state, and it says by sending the following documents to the support enforcement agency of this state or to the superior court of any county in the state where the obligor resides, works, or has property. Now, Ms. Ramsam didn't do either one of those two things. Accordingly, what she has is not a registered support order under Washington law and is therefore not enforceable under the Uniform Interstate Family Support Act. And I come back to my earlier question. Under that scheme, does the legal description—is legal description required as part of the filing? RCW 26 itself does not say you need a legal description, but I do rely on a separate section of the revised codes of Washington, which is 464030, which applies generally to, among other things, foreign judgments. And it's my view that as a foreign judgment, one would need a legal description to the extent that you are seeking to attach to real property within the state of Washington. And that's certainly what RCW 650405—45 seems to require. Now, this is the statute that the district court concentrated primarily on when it dismissed Ms. Ramsam's case. And what it focused on was the fact that there is a legal description required within that provision if you're going to be recording against particular pieces of real property. Now, Ms. Ramsam said afterwards on her motion to reconsider, well, 047 of that same title fixes the problem because 047 talks about title sheets, and the title sheet—that provision, 047, says mere errors in the title sheet don't affect the underlying transactions. But, of course, no one is questioning that Ms. Ramsam might have a judgment under California. We don't know. We haven't actually ever seen the real judgment itself, just the abstract. No one is questioning that there was that underlying transaction. What we're simply saying is that Ms. Ramsam didn't comply with Washington law when she recorded a document without a legal description and without complying with the uniform acts that prescribe the procedures for registering foreign judgments and foreign family support orders. Unless the panel has any other questions, I believe that concludes my remarks. Thank you, Counsel. Thank you, Your Honors. Ms. Clark, you have some reserve time. Thank you, Your Honors. And just briefly, in response to Mr. McCullough, on the allegation that the abstract does not include an amount due, the state of Washington puts folks on notice that if there is something in the record that excites apprehension in a reasonable person, they have a duty to inquire further. Paginelli v. Swenson from the 50s first set out that rule. And so once that lien hit J.P. Morgan, or at least they got notice of it, and they're not claiming they didn't get notice of it, they're claiming it didn't attach, they had an obligation to look further under Washington law. Relative to the claim that on register and the Uniform Support Enforcement Act talks about registration under 2621-490, again, RCW 2618 provides a parallel path to attaching a child support debt to all property in the state of Washington. They are, in theory, conflicting statutes, but they allow for two paths. And then finally, if you look at RCW 6504045 subsection F, which is the portion that talks about a legal description, it talks about a lot and block legal description or an abbreviated meets and bounds legal description, and it says at the end, if applicable. The very statute itself of 6504045 acknowledges a situation where documents don't necessarily require a legal description. If you go to the very next statute, it says the failure to include a legal description does not affect the underlying transaction. The underlying transaction includes a lien or a debt as a means of paying the obligation. Thank you, Your Honors, unless you have any questions. No questions. Thank you, Counsel. The case just argued will be submitted for decision.
judges: O'scannlain, Tashima, McKeown